UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 03-309** |
| **KEN STEVENSON** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* defendant Ken Stevenson's ("Stevenson") motion for compassionate release.[1] The government opposes Stevenson's motion.[2] For the reasons discussed below, the Court denies the motion.

### I.     BACKGROUND

On June 30, 2003, Stevenson and an accomplice, both armed with handguns, robbed the IberiaBank branch located at 4626 General DeGaulle Drive in New Orleans.[3] Stevenson and his partner made off with approximately $8,947.[4]

On November 20, 2003, Stevenson pleaded guilty to an indictment charging him with (Count 1) using a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 2, (Count 2) aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a), (d) and 2, and (Count 3) possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[5] On March 3, 2004, United

---

[1] R. Doc. No. 129.
[2] R. Doc. No. 135.
[3] R. Doc. No. 12, at 1–2.
[4] *Id.* at 2.
[5] R. Doc. No. 1, at 1–3.

1

States District Judge Martin Feldman[6] sentenced Stevenson to 41 months imprisonment for Counts 1 and 3, to be served concurrently, and 84 months imprisonment for Count 2, to run consecutively to Counts 1 and 3.[7]

Stevenson has been incarcerated since July 17, 2003,[8] most recently at the Federal Correctional Institute Beaumont Low.[9] On August 9, 2022, Stevenson filed the instant motion seeking compassionate release.[10]

## II.  STANDARD OF LAW

### A.  Exhaustion

Before a federal court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020). Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government.

---

[6] This case was reassigned to this section on August 15, 2022. R. Doc. No. 130.
[7] R. Doc. No. 25.
[8] Presentence Report Investigation Report ("PSR"), at 1.
[9] *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Nov. 7, 2022).
[10] *See generally* R. Doc. No. 129.

*Franco*, 973 F.3d at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

### B.     Extraordinary and Compelling Reasons

The Court "may" grant defendant's motion if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[11] According to the statute, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. (ii). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits[12]—has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, the Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id*. Nonetheless,

---

[11] "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and *United States v. Thompson*, 984 F.3d 431, 433–35 (5th Cir. 2021)).

[12] *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [its] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted). Before passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP")—not defendants themselves—could move for compassionate release. The First Step Act changed that, but the Sentencing Commission's policy statements have lagged behind. Because these policy statements have not been amended since the enactment of the First Step Act, portions of the statements now contradict 18 U.S.C. § 3582(c)(1)(A).[13]

### III. LAW & ANALYSIS

#### A. Exhaustion

On June 26, 2022, Stevenson submitted an Inmate Request to the warden of his facility via email asking to be considered for compassionate release.[14] As of

---

[13] For example, the policy statement referenced above begins with "[u]pon a motion by the Director of the Bureau of Prisons"—which implies that the entire statement applies only to motions made by the director of the BOP (and not those filed by defendants). U.S.S.G. § 1B1.13, Policy Statement; *see also id.* cmt. n.4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons[.]"); *see also United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (noting the discrepancy).
[14] R. Doc. No. 135-2, at 1.

4

September 30, 2022, when the government filed its opposition, the warden had not replied to Stevenson's request.[15] By the date that Stevenson filed the present motion for compassionate release more than 30 days had lapsed since the warden's receipt of Stevenson's request, as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly, the government acknowledges that Stevenson has exhausted his administrative remedies.[16]

### B. Extraordinary and Compelling Reasons

A defendant must present extraordinary and compelling reasons justifying his compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). As stated, the Sentencing Commission's policy statement "informs" the Court's analysis of whether Stevenson has presented such reasons. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1); *Perdigao*, 2020 WL 1672322, at *2. Stevenson makes no arguments that his age or family circumstances qualify as extraordinary or compelling under the policy statement. Therefore, the Court reviews Stevenson's medical conditions and "other reasons." *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). The Court concludes that neither are sufficient.

*i. Medical Conditions*

The Sentencing Commission's relevant policy statement specifies that, to be sufficiently serious as to warrant release, a medical condition must be a "terminal illness," or a condition that "substantially diminishes the ability of the defendant to

---

[15] R. Doc. No. 135, at 3.
[16] *Id.* (citing *United States v. Sentimore*, No. 04-382, 2020 WL 7630778, at *1 (E.D. La. Dec. 22, 2020) (Lemmon, J.)).

5

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Stevenson states in his motion that he suffers from high blood pressure and lingering complications from a collapsed lung.[17] Stevenson offers no evidence that these conditions substantially diminish his ability to provide self-care in the facility where he is incarcerated, or that his conditions are ones from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). Indeed, regarding Stevenson's collapsed lung (pneumothorax), his medical records indicate that this condition was resolved in early 2019.[18]

Furthermore, Stevenson's medical records indicate that he has received appropriate medical care for his conditions, and that they are well-managed.[19] Courts in the Fifth Circuit have held that the medical conditions Stevenson alleges do not qualify as "extraordinary and compelling." *See, e.g., United States v. Gieseke*, No. 12-0360, 2021 WL 568529, at *3 (N.D. Tex. Feb. 16, 2021) (ruling that the defendant's collapsed lung did not constitute a compelling and extraordinary reason for his release); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *5 (E.D. La. July 15, 2020) (Fallon, J.) (holding that conditions such as high blood pressure and arthritis do not constitute "extraordinary and compelling" reasons justifying release as the "conditions are not life-threatening, nor do they appear to substantially diminish [defendant's] ability to provide self-care while incarcerated"); *Thompson*,

---

[17] R. Doc. No. 129, at 1.
[18] *See* R. Doc. No. 135-5, at 25 (listing the status of his pneumothorax as "Resolved" on "03/05/2019").
[19] *See* R. Doc. No. 135-3–5.

984 F.3d at 434 (affirming denial of compassionate release for inmate with hypertension and high cholesterol, noting that "both [conditions] are commonplace" and not "extraordinary").

### ii. "Other" Reasons

Medical concerns aside, Stevenson asserts that his rehabilitation while incarcerated has prepared him for life outside of prison.[20] Stevenson notes that he has followed Judge Feldman's advice to use his time in incarceration for reflection and rehabilitation.[21] He cites his lack of disciplinary infractions as evidence of these positive changes,[22] although the government notes that he was sanctioned in September 2020 for possessing a non-hazardous tool."[23] Stevenson also explains that he has support from his family and employment waiting for him when he gets home.[24] In short, Stevenson's arguments center on his claim that he is a changed man and he believes he deserves the opportunity to prove it.[25]

The Court commends Stevenson's personal growth and acknowledgement of past mistakes. After his release, Stevenson may well demonstrate that he is, in fact, a changed man. However, rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release under the First Step Act. *Shkambi*,

---

[20] R. Doc. No. 129, at 2 ("I am more than ready to return to freedom and continue to live the rest of my life helping others not make the same mistakes I did.").
[21] *Id.* at 1.
[22] *Id.*
[23] R. Doc. No. 135, at 5; see also R. Doc. No. 135-6, at 1.
[24] R. Doc. No. 129, at 1–2.
[25] *Id.* at 2 ("All I want is the opportunity to prove that I am a changed man, older and much wiser.").

7

993 F.3d at 391 (quoting 28 U.S.C. § 994(t)); *see also United States v. Hudson*, No. 10-329, 2021 WL 2912012, at *4 (E.D. La. July 12, 2021) (Africk, J.) ("Hudson's rehabilitation, though certainly commendable, is not extraordinary or compelling."). Accordingly, Stevenson's rehabilitation and lack of disciplinary infractions for violent or drug-related violations are not extraordinary and compelling reasons justifying compassionate release.

### C. Section 3553(a) Factors

Though the Court has found that Stevenson's circumstances do not present extraordinary and compelling reasons to grant compassionate release, and therefore it need not "consider[] the factors set forth in 18 U.S.C. § 3553(a),"[26] 18 U.S.C. § 3582(c)(1)(A), the Court nonetheless concludes, in the alternate, that compassionate release is not warranted by the 18 U.S.C. § 3553(a) factors. The most applicable factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) the need "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B).

Stevenson was sentenced to a total of 125 months in prison for robbing a bank with a firearm, a serious crime of violence.[27] During the robbery, Stevenson brandished a handgun to threaten bank employees, causing the bank employees

---

[26] *See Jackson*, 27 F.4th at 1093.
[27] R. Doc. No. 25, at 1.

severe distress.[28] Other courts in the Fifth Circuit have declined to grant compassionate release based on similar but less severe conduct. *See United States v. March*, No. 18-81, 2020 WL 6063445, at *5 (E.D. Tex. Oct. 13, 2020) (finding the defendant, the getaway driver in a conspiracy to commit armed bank robbery, posed a danger to the community in part due to the nature and circumstances of her offense). In addition to the conviction before the Court, Stevenson has three prior convictions, including for attempted simple possession of heroin in violation of La. Stat. Ann. § 40:(979)966.[29]

Given the nature of Stevenson's offense, his prior offenses, and the applicable § 3553(a)(2) factors, the Court concludes that compassionate release is not appropriate.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Stevenson's motion for compassionate release is **DENIED**.

New Orleans, Louisiana, November 8, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[28] PSR at 8.
[29] *Id.* at 10. Stevenson's remaining two convictions are for obstructing a public place and public intoxication, on May 11, 1999 and September 25, 2000, respectively. *Id.*